IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL HOWARD FORD                                                    PLAINTIFF

            v.               Civil No.  3:25-cv-03008-CDC

SHERIFF JOHN MONTGOMERY, Baxter                        DEFENDANTS
County, Arkansas; JAILER TABITHA
MAZE, Jail Administrator, Baxter County
Detention Center (BCDC); and PPA
JEFFERY TATE, BCDC

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Michael H. Ford ("Ford"), filed this civil rights action pursuant to 42 U.S.C. §1983.  He proceeds *pro se* and *in forma pauperis*.

The case was directly assigned to the undersigned Magistrate Judge.  However, because not all parties to the action have consented to the jurisdiction of the undersigned, and Ford's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks.  28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.   This case is before the Court on Ford's failure to comply with the Order of the Court.

### I.        DISCUSSION

Ford filed his Complaint on February 5, 2025.  (ECF No. 1).  At the time, Ford was a pretrial detainee incarcerated in the Baxter County Detention Center ("BCDC").  *Id.* at 2.  When he filed this case, Ford was specifically advised that he was required to immediately inform the Court of any change of address.  (ECF No. 2).  If Ford was transferred or released, Ford was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release.  *Id.*  Additionally, Rule 5.5(c)(2) of the

1

Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

After complications with getting a complete IFP form, Ford was granted IFP status on March 13, 2025.  (ECF No. 8).  A service Order was entered on March 17th.  (ECF No. 10).  An answer was filed on behalf of Defendants Montgomery and Maze on April 18th.  (ECF No. 15).  On April 21st, an Order was entered directing Defendant Montgomery to provide a service address for Defendant Tate.  (ECF No. 16).

The following day, mail was returned to the Court as undeliverable from the BCDC with a notation:  return to sender.  (ECF No. 17).  Ford had until May 22, 2025, to provide the Court with his new address.  On May 6th, Defendant Tate filed his answer making service complete in the case.  (ECF No. 19).  Mail was returned as undeliverable again on May 12th.  (ECF No. 20).  To date, Ford has not provided a new address or contacted the Court in anyway.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court.  Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).  Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

The Court has not had a valid address for Ford since April 2025. The last document filed by Plaintiff was his March 13th motion for leave to proceed IFP. Ford has wholly failed to comply with the Order of the Court and with Local Rule 5.5(c)(2).

## II. CONCLUSION

For this reason, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Status of Referral: The referral terminates upon the filing of this Report and Recommendation.**

**RECOMMENDED** this 5th day of June 2025.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE